IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CLINTON C. BARLOW, III, | : |
| Petitioners, | : |
| v. | : Civil Action No. 23-88-CFC |
| MICHAEL PLATKIN, Attorney General of the State of New Jersey, | : |
| Respondents. | : |

**MEMORANDUM**

**I.   BACKGROUND**

Petitioner Clinton C. Barlow, III has filed in this Court a Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.  (D.I. 1)  The mostly incomprehensible Petition appears to assert the following four grounds for relief: (1) the State of New Jersey deprived Petitioner of a fair trial and violated the "Brady Rule" in violation of his rights under the Sixth and Fourteenth Amendments; (2) the State of New Jersey violated Petitioner's civil rights by failing to provide him with discovery and copies of its complaints against him; (3) the City and Judges of Trenton failed to apply the laws and filed false criminal complaints against Petitioner; and (4) the State of New Jersey violated the "Brady Rule" by refusing to provide Petitioner with copies of the complaints filed against him.  (D.I. 1) Petitioner has also filed a Motion to Stay the instant proceeding (D.I. 4) "due to several conflicts of interests" between Petitioner and judges in New Jersey.  (D.I. 4 at 1)

## II. DISCUSSION

A district court may summarily dismiss a habeas petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, 28 U.S.C. foll. § 2254. Having reviewed the face of the instant Petition, the Court concludes that summary dismissal is appropriate. The Court does not have jurisdiction over the instant proceeding because Petitioner is not in custody in the State of Delaware, he does not challenge sentences or convictions imposed by the State of Delaware, and he does not challenge sentences or convictions imposed by this Court. See 28 U.S.C. § 2254; 28 U.S.C. § 2241(d) (petition may be filed either in the district "wherein such person is in custody or . . . the district within which State court was held which convicted and sentenced him"); 28 U.S.C. § 2242; Rule 2(a), Rules Governing Section 2254 Cases in the United District Court, 28 foll. US.C. § 2254. Relatedly, the Court will dismiss Petitioner's Motion to Stay as moot. (D.I. 4) The Court will also decline to issue a certificate of appealability because Petitioners have failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2008); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997).

## III. CONCLUSION

For the aforementioned reasons, the Court will dismiss the instant Petition (D.I. 1) and the Motion to Stay (D.I. 4). The Court also declines to issue a certificate of appealability, because Petitioner has failed to make a "substantial showing of the denial

of a constitutional right." 28 U.S.C. § 2253(c)(2); see *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. LAR 22.2 (2011).

Dated: August 23, 2023

                                                       Colm F. Connolly
                                                      Chief Judge